# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Lisa A. Hemming, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 1:16-cv-93-PMD-SVH |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant Carolyn Colvin's and Plaintiff Lisa Hemming's objections to United States Magistrate Judge Shiva V. Hodges' report and recommendation ("R & R") (ECF Nos. 16, 17, & 14). The Magistrate Judge recommends that the Administrative Law Judge's ("ALJ") decision be reversed in part and remanded for further proceedings. For the reasons stated herein, the Court adopts the R & R in part, reverses the ALJ's decision as detailed herein, and remands this case to the ALJ for further proceedings.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with

instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

The Court will address Defendant's objections first, followed by Plaintiff's objection. The Defendant objects to the Magistrate Judge's recommendation that the Court remand this case for further proceedings on the ALJ's conclusions relating to Plaintiff's irritable bowel syndrome ("IBS") and anxiety. The Defendant contends that the ALJ's conclusions on those issues do not require remand because the ALJ discussed Plaintiff's IBS and anxiety when making his step two findings. Relying on *Washington v. Astrue*, 698 F. Supp. 2d 562, 579 (D.S.C. 2010), the Defendant argues that the ALJ's consideration of those impairments during his step two deliberation was sufficient. The Court disagrees.

In *Washington*, this Court stated that there is "no reversible error where the ALJ does not find an impairment severe at step two provided that he or she considers that impairment in subsequent steps." 698 F. Supp. 2d at 579. Here, the ALJ found that Plaintiff's IBS and anxiety were not severe impairments at step two. In making that finding, however, the ALJ did not discuss Plaintiff's own statements about those impairments. This was error. Further, the ALJ's error was not harmless because he did not subsequently discuss Plaintiff's IBS or anxiety in his step three determination, as contemplated by *Washington*. Although the medical evidence may be consistent with a finding that Plaintiff's anxiety and IBS are not severe impairments, the ALJ

must actually make that determination. Because the ALJ failed to do so, the Court cannot approve his decision. Accordingly, Defendant's objection is overruled and the Magistrate Judge's recommendation to remand this case back to the ALJ for specific findings as to Plaintiff's IBS and anxiety is adopted.

Plaintiff's sole objection concerns the ALJ's findings about the maximum number of hours she can stand during the day. First, the ALJ determined she could stand for a maximum of two hours a day. Second, the ALJ found that she was capable of working at a job where she alternated thirty minutes of sitting and standing over the course of an eight-hour workday. The Magistrate Judge found no error by the ALJ. Plaintiff objects to that conclusion, contending that the ALJ's findings were necessarily inconsistent. According to Plaintiff, the thirty minute sit/stand rotation finding, applied to an eight-hour workday, equates to a finding that Plaintiff is capable of standing for four hours a day. Due to the apparent inconsistency of that finding with the two-hour standing maximum, Plaintiff argues a remand is necessary in order for the ALJ to eliminate that inconsistency. The Court agrees.

The Magistrate Judge partially addressed Plaintiff's argument in her R & R, stating that the ALJ's determination as to the number of hours Plaintiff could stand was not a maximum finding, but rather a minimum finding. The Magistrate Judge's determination was based on the ALJ's opinion, which states that "[Plaintiff] can sit for 6 hours in an 8-hour day and stand and walk for *at least* two hours in an eight-hour workday." (R., ECF No. 9-2, at 18 (emphasis added).) However, the Social Security Administration has stated that "[residual functional capacity] is not the *least* an individual can do despite his or her limitations, but the *most*." SSR 96-8p, 61 Fed. Reg. 34475 (July 2, 1996). Thus, the ALJ's inclusion of the words "at least" is problematic. Residual functional capacity is a ceiling on Plaintiff's capacity, not a floor.

Accordingly, the Court interprets the ALJ's determination that Plaintiff can stand and walk for at least two hours as placing a two hour ceiling on her capacity to stand and walk. That two-hour standing determination cannot be reconciled with the ALJ's determination that Plaintiff could alternate sitting and standing every thirty minutes during an eight-hour workday. Therefore, Plaintiff's objection to the R & R is sustained, and this issue is remanded to the ALJ for further consideration.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that Defendant's objections are **OVERRULED** and that Plaintiff's objection is **SUSTAINED**. Accordingly, the R & R is **ADOPTED IN PART**.

AND IT IS SO ORDERED.

PATRICK MICHAEL DUFFY
United States District Judge

**October 11, 2016**
**Charleston, South Carolina**